GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
CChorba@gibsondunn.com
ROMMY FLORES, SBN 298770
RFlores@gibsondunn.com
VIRGINIA SOMAWEERA, SBN 318866
VSomaweera@gibsondunn.com
YAN ZHAO, SBN 341608
YZhao@gibsondunn.com
GERONIMO MORALES, SBN 347048
GMorales@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Plaintiff*
*Johnnie Joseph Paul Gatison*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHNNIE JOSEPH PAUL GATISON,<br>Plaintiff,<br>v.<br>COUNTY OF RIVERSIDE SHERIFF DEPARTMENT, *public entity*; SHERIFF CHAD BIANCO, *individual capacity*; and UNDER SHERIFF DENNIS VROOMAN, *individual capacity*,<br>Defendants. | Case No. 5:23-CV-00092-JLS-PVC<br>**PLAINTIFF JOHNNIE JOSEPH PAUL GATISON'S SUPPLEMENTAL BRIEF REGARDING PROCEDURE FOR RESOLVING DEFENDANTS' PLRA EXHAUSTION DEFENSE**<br>Trial Date: None Set<br>Hon. Josephine L. Staton<br>United States District Judge<br>Hon. Pedro V. Castillo<br>United States Magistrate Judge |

## I. INTRODUCTION

*Perttu v. Richards*, 605 U.S. 460 (2025), requires a jury trial on both Plaintiff Johnnie Joseph Paul Gatison's claims and Defendants' failure-to-exhaust defense. The same facts underlie both the merits of Mr. Gatison's claims and Defendants' exhaustion defense, making the issues *intertwined*. Thus, under *Perttu*, Mr. Gatison is entitled to a jury trial on both issues. But, even if this Court were to find that the issues are not intertwined (they are), Defendants waived any right to a separate evidentiary hearing on exhaustion over a year ago when defense counsel stated repeatedly on the record, "***I don't want to have an evidentiary hearing***[.]" Defendants can't reverse course now. Moreover, the Prison Litigation Reform Act ("PLRA") does not require this Court to resolve the exhaustion issue first. And given the constitutional implications of depriving Mr. Gatison of a trial, a jury should resolve the exhaustion defense in any case.[1]

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. Defendants' failure to process grievances is central to the merits.

In February 2023, Mr. Gatison filed his first amended complaint ("FAC"), alleging constitutional violations and *Monell* claims. Dkt. 9. Mr. Gatison alleges that while he was a pretrial detainee in Cois Byrd Detention Center ("CBDC") his rights were violated due to Defendants' custom, pattern, and practice of failing to abate unsanitary conditions. *Id.* at 7–9. That custom, pattern, and practice included Defendants' refusal to process or respond to Mr. Gatison's grievances about those conditions. *Id.* at 9. Mr. Gatison seeks monetary damages for his claims. *Id.* at 14.

### B. The Court denies Defendants' first motion for summary judgment.

On May 8, 2023, Defendants requested leave to file a pre-answer motion for summary judgment on their PLRA exhaustion defense, which Judge Castillo granted and which Defendants later filed. Dkts. 22, 24, 25. On January 4, 2024, this Court

[1] The Court directed that the parties limit their briefing to five pages. Dkt. 154. If the Court is considering holding an evidentiary hearing, Mr. Gatison respectfully requests a full and fair opportunity to be heard on the issue in part because Mr. Gatison would be unduly prejudiced if the Court were to hold an evidentiary hearing now.

adopted Judge Castillo's recommendation to deny Defendants' motion in full. Dkt. 46. Judge Castillo's report found a genuine issue as to whether Defendants prevented Mr. Gatison from submitting his grievances about the unsanitary conditions. Dkt. 45 at 16–20. In support, Defendants supplied Sergeant Deborah Cruz's declaration, stating that Defendants had no record of Mr. Gatison's grievances about the conditions. *Id.* at 7. In opposition, Mr. Gatison submitted declarations and other evidence demonstrating that he had submitted grievances and Defendants failed to process them. *Id.* at 7–8. On that record, Judge Castillo explained that the "overwhelming weight of authority" forecloses summary judgment where the plaintiff offers evidence that he filed a grievance or tried to and was thwarted. *Id.* at 16–17 (collecting cases). After this Court adopted Judge Castillo's report and denied summary judgement, Dkt. 46, Defendants requested an evidentiary hearing, and discovery on the exhaustion defense began. Dkts. 49, 56.

**C. Defendants waive any rights to a pre-trial evidentiary hearing.**

On June 10 and June 24, 2025, the parties participated in two discovery conferences. Dkts. 70, 75. The hearings were to address Defendants' objections that most of Mr. Gatison's discovery requests went to the "merits" rather than just exhaustion. Dkts. 70, 72, 87. Days before the June 24 conference, the Supreme Court decided *Perttu v. Richards*, holding that a plaintiff is entitled to a jury trial on an exhaustion defense if the facts pertaining to that defense are intertwined with the merits of the plaintiff's claims. 605 U.S. at 468. The June 24 conference was dedicated to determining *whether* Perttu applied to this case. Dkt. 87 at 4:16–13:9, 15:25–19:23.

After hearing argument, Judge Castillo explained that he was inclined to permit the discovery that Defendants objected to as going to the merits because it also pertained to the exhaustion defense. Dkt. 87 at 13:11–17:20. In response, defense counsel stated that "*if we're going to get into the merits, then let's just get into the merits . . . , and I can file a motion for summary judgment on the merits of it*." Dkt. 87 at 16:1–6. Judge Castillo reasoned that proceeding with discovery on both issues simultaneously "might be the best way" since the issues are "so intertwined, using the same language from

*Perttu*" and because defense counsel "offered[.]" *Id.* at 17:2–9. Defense counsel repeated, "*I don't want to have an evidentiary hearing . . . If we're going to go with the merits, that's fine. But I say then we don't have an evidentiary hearing* and . . . I'll file a motion for summary judgment on everything." *Id.* at 17:10–20.

On July 8, 2025, Judge Castillo ordered "in the interests of judicial efficiency" that the parties conduct discovery on both the merits of Mr. Gatison's claims and Defendants' exhaustion defense. Dkt. 75. On May 29, 2026, Defendants filed their second motion for summary judgment, this time on "everything." Dkt. 113. At the hearing on Defendants' second motion, this Court ordered briefing on the post-*Perttu* procedure for resolving PLRA exhaustion issues. Dkt. 154.

## III. ARGUMENT

### A. Under *Perttu*, Defendants' exhaustion defense must go to a jury.

*Perttu* fundamentally changed the procedure for resolving PLRA exhaustion. Before, courts generally followed judge-made procedures to determine whether the pre-suit exhaustion requirement was met. 42 U.S.C. § 1997e(a). Under the pre-*Perttu* framework, defendants could move for summary judgment early on exhaustion and, if their summary judgment motion failed, seek an evidentiary hearing on disputed facts.[2] *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (en banc), *abrogated in part by Perttu*, 605 U.S. 460; *Pavey v. Conley*, 544 F.3d 739, 741–42 (7th Cir. 2008), *abrogated in part by Perttu*, 605 U.S. 460. *Perttu* abrogated that framework.

*Perttu* holds "that parties are entitled to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim protected by the Seventh Amendment." 605 U.S. at 479. There, Kyle Richards alleged that Perttu, a prison employee, destroyed the grievances Richards filed about Perttu's sexual abuse and threatened him for filing them. *Id.* at 464. After an evidentiary hearing at which the magistrate judge found that Richards' witnesses "lacked credibility," the case was dismissed for failure to exhaust.

[2] Courts can only make credibility determinations at an evidentiary hearing, not in ruling on a motion for summary judgement. *Albino*, 747 F.3d at 1171.

*Id.* at 466. The Sixth Circuit reversed and the Supreme Court affirmed, reasoning that as a matter of "statutory interpretation" a jury trial on exhaustion is required when the resolution of a material fact relating to exhaustion would also resolve a material fact relating to the merits of a plaintiff's claims. *Id.* at 468–474.

As in *Perttu*, there is no reasonable question that the facts underlying Mr. Gatison's claims are intertwined with the exhaustion issue and that Mr. Gatison has a right to a jury trial on both. Mr. Gatison alleges that part of Defendants' custom, pattern, and practice of failing to abate unsanitary conditions was Defendants' failure to process grievances about those same conditions. Dkt. 9 at 7–9. Indeed, Defendants conceded the factual overlap when they objected that much of the discovery Mr. Gatison seeks on exhaustion goes to the merits. Dkts. 72, 87. A finding at an evidentiary hearing that Mr. Gatison did not exhaust his administrative remedies would also resolve a central merits question. *Perttu* prohibits that outcome. 605 U.S. at 461 ("[D]istrict courts should structure their order of operations to preserve the jury trial right."); *see also In re Google Play Store Antitrust Litig.*, 147 F.4th 917, 940 (9th Cir. 2025) (applying *Perttu* and finding "a classic case of intertwinement" where "factual issues underlying Google's legal counterclaims overlapped" with "factual issues underlying Epic's equitable [] claims"); *Murphy v. Bailey*, 794 F.Supp.3d 556, 573 (C.D. Ill. 2025) (intertwinement exists where "*the* determinative factual finding made on both exhaustion and the merits is who to believe").

Intertwinement alone requires the exhaustion defense to go to a jury, but even if the Court were to find no intertwinement exists (it does), Defendants already waived any pre-*Perttu* rights they may have had to a separate evidentiary hearing. During discovery, Defendants repeatedly objected that most of Mr. Gatison's exhaustion-related discovery requests went to the merits rather than just exhaustion. Dkts. 72, 87. After Judge Castillo found the exhaustion defense and the merits of Mr. Gatison's claims were "intertwined," defense counsel stated on the record "***I don't want to have an evidentiary hearing***[,]" insisting both issues proceed together so that Defendants could file a second

summary judgment motion on "everything[,]" exactly what Defendants did. Dkt. 87 at 17:2–20. Defendants cannot change course now. *United States v. Briones*, 35 F.4th 1150, 1157 (9th Cir. 2021) (finding waiver where a party "affirmatively stat[ed] at oral argument" that their claim was constitutional rather than statutory).

Defendants' argument that *Perttu* applies only to sexual abuse or First Amendment cases lacks merit. Nothing in *Perttu* can be reasonably read to narrow its holding to the exact facts and claims presented in *Perttu*. *Murphy*, 794 F. Supp. 3d at 573 (noting "the Supreme Court could have easily, but did not, state . . . intertwinement [is limited] to the factual circumstances" presented in *Perttu*). Indeed, the Ninth Circuit has already applied *Perttu*'s reasoning in contexts beyond the PLRA. *In re Google Play Store Antitrust Litig.*, 147 F.4th at 940. Given the Supreme Court's "emphasi[s] [on] the importance of the Seventh Amendment jury trial right" and that "the usual practice" is for a jury to resolve disputed facts pertaining to affirmative defenses generally, *Perttu*'s holding is more accurately read to apply to all circumstances in which a factual determination at an evidentiary hearing would also resolve a merits issue. *Murphy*, 794 F.Supp.3d at 573; *see also Perttu*, 605 U.S. at 471 (judicial "discretion in deciding whether the legal or equitable cause should be tried first . . . is very narrowly limited and must . . . be exercised to preserve jury trial"). Those are the exact circumstances here.

**B. This Court should send the exhaustion issue to a jury in any case.**

Regardless, a jury should still resolve the exhaustion defense. As noted in *Perttu*, the PLRA itself is "silent" on whether a court must resolve the exhaustion issue, and the "usual" practice is to send factual disputes concerning affirmative defenses—even those relating to subject matter jurisdiction—to a jury anyway. 605 U.S. at 469. In other words, *Perttu* clarified that nothing prevents district courts from sending the exhaustion defense to a jury when it is not intertwined with the merits. *Timmons v. Bohinski*, ---F.4th---, 2026 WL 2331684, at *3 (3d Cir. 2026). Because an evidentiary hearing now risks depriving Mr. Gatison of his jury trial rights, and because Defendants already waived any pre-*Perttu* right to one, this Court should try both issues together.

DATED: August 21, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rommy Flores*
Rommy Flores
*Attorneys for Plaintiff Johnnie Joseph Paul Gatison*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,847 words, which complies with the word limit of Local Rule 11-6.1.

DATED: August 21, 2026

By: */s/ Rommy Flores*
Rommy Flores